The next case this morning is 519-0088, People v. Jones. Arguing for the appellant, William T. Jones, is Brian Carroll. Arguing for the appellate, People of the State of Illinois, is Michael Lennox. Each side will have 10 minutes for the argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Good morning, counsel. Apologize for we're running a little late. That first case took a little while, so I appreciate your patience with us. Mr. Carroll, are you ready to proceed? Yes, your honor. Then go right ahead. May it please the court, counsel, I'm Brian Carroll for the appellant, William Jones. The second stage dismissal of Mr. Jones' post-conviction petition should be reversed, and his case remanded for new proceedings because his court-appointed counsel provided him with unreasonable representation. Counsel's representation was unreasonable for the following reasons. First, counsel's first claim that the new DNA testing showed that the blood evidence from Jones' trial was unreliable. It's not even cognizable under the Post-Conviction Hearing Act. The act is limited to claims of constitutional violations, and a claim that a conviction is based on unreliable evidence, no matter how meritorious or clear-cut that claim is, is not by itself a constitutional claim, and thus is not a viable claim to raise in a petition under the act. And it was unreasonable for counsel not to understand that. And to be clear, Jones is not arguing that the claim shouldn't have been raised. He's saying that it should have been raised under using the proper vehicle, namely a 2-1401 petition, which would have allowed the claim to be properly presented to the court for consideration. Second, counsel also raised a actual innocence claim based on counsel's assertion that the DNA testing suggested the presence of some unknown third party at the crime scene. However, counsel's assertion is completely baseless. The DNA testing did not report any profiles from which both Jones and the Dares could be affirmatively excluded. While a sample from the porch was reported to have a mixed profile, the minor profile of which was unsuitable for comparison, the fact that it was unsuitable for comparison is not evidence of the presence of some unknown third party. I mean, it's no better than a fingerprint that's too smudged for comparison. No, it's neither here nor there. Finally, counsel's focus on the contamination of Jones's blood standard was misguided. Because the evidence kit that contained the standard was found to be open when all the evidence was collected to perform the new DNA analysis, counsel was completely unable to say that the contamination occurred before or after Jones's trial and therefore she was unable to say that the contamination affected the reliability of the trial evidence in any way. However, counsel ignored or didn't realize that James Dare's standard was also contaminated. But unlike with Jones's standard, there is no evidence in this record that the seal from his standard was compromised in any way after it left the crime lab that did the original blood typing. Therefore, the only reasonable inference is that the contamination occurred at the lab, which shows that the lab was not following proper procedures to avoid contamination and thus all the blood evidence that it provided was unreliable. And that's the claim that counsel should have raised and she should have raised it in a 214-01 rather than a PC. Thus, because the record affirmatively shows that counsel provided Jones with unreasonable representation, under Suarez, this court should remand for new proceedings and the appointment of new counsel. Counsel, if your honors have any questions, I'll reserve the rest of my time for rebuttal. Justice Cates or Justice Barberis, any questions at this time? No. Okay, well, thank you, Mr. Carroll. Obviously, you'll have your time for rebuttal. Mr. Lennox, go right ahead. Thank you, your honor. Good morning, opposing counsel, your honors, and may it please the court. My name is Michael Lennox and I represent the state in this matter. This court should affirm the dismissal of the defendant's second stage post-conviction petition because post-conviction counsel complied with Supreme Court Rule 651C and the defendant has not overcome the rebuttable presumption provided by a Rule 651C certificate. First, because the DNA is newly discovered evidence furthering an actual innocence claim. Second, because even if post-conviction counsel's second claim was speculative, the defendant cannot show he was prejudiced by the alternate theory his post-conviction counsel asserted. And third, post-conviction counsel not asserting what the defendant characterizes as a potentially meritorious claim is not only speculative and contradicts the defendant's first assertion that DNA evidence would not qualify for a successive post-conviction petition under the act for newly discovered evidence, but it's also incorrect because there was still an uncontaminated standard for James Dare. If your honors wouldn't mind, I'd like to go in reverse order, first addressing the alleged potentially meritorious claim, then addressing the defendant's reply brief by giving a synopsis of the cases of Suarez, Delano, and Landa in relation to the alleged too speculative claim, and then addressing the newly discovered evidence. The defendant's assertion contradictory to his first argument is that post-conviction counsel should have highlighted a different aspect of what the DNA test revealed. And if counsel had, it would have resulted in a potentially meritorious claim. The defendant states on page 18 of his initial brief that post-conviction counsel, quote, ignored that the DNA evidence revealed that James Dare's blood sample was also contaminated. This is objectively false. Post-conviction counsel listed a number of contaminated or mixed blood samples, including number 45, the liquid blood standard for James Dare. Also, and more notably, number 92Q was used as a secondary standard for James Dare and the common law record on page 1403 of which the defendant cites for his assertion of this claim provides that, quote, this profile was used for comparisons as the standard for James Dare. This, of course, clearly means that the standards for James Dare were not both contaminated and the claim that the defendant now believes would have been potentially meritorious in actuality would not have been meritorious. Further, the defendant incorrectly deeming that this DNA evidence, a viable claim under the act and not the DNA evidence of the defendant's standard being contaminated should be viewed as a concession of the defendant's first argument where the only real difference between the two arguments other than the fact that there was an uncontaminated standard for James Dare is the person at issue. In reference to the second issue of this speculative, the two speculative claim in Suarez, Landa and Galeno, in the defendant's reply brief, he asserts that the appellate court in Landa improperly ruled that prejudice need be shown when a 651C certificate has been filed. The defendant cites to no authority that contradicts Landa, yet simply suggests that Suarez and Galeno both decided before Landa contradict Landa. In Suarez, post-conviction counsel filed a first petition on the defendant's behalf asserting ineffective assistance of counsel. The court granted the state's motion to dismiss the petition due to untimely filing. A successive post-conviction petition was filed pro se. The petition proceeded to the second stage and counsel was appointed. Counsel filed a supplemental petition, but did not file a 651C certificate. The petition was dismissed on the state's motion. The appellate court affirmed, and the only argument the defendant had on appeal was that the case must be remanded because post-conviction counsel failed to file a 651C certificate and the record failed to demonstrate compliance. The appellate court concluded that the failure to comply was a harmless error because the defendant's post-conviction claims were without merit as a matter of law. In Suarez, the court rejected the argument that counsel substantially complied with 651C where there was no indication in the supplemental petition that counsel consulted with the defendant. Further, the court found that the failure to substantially comply with 651C could not constitute harmless error. In Galano, the defendant filed a pro se post-conviction petition supported by 20 affidavits and over 100 pages of exhibits. The petition was about 45 pages in length and contained 28 contentions of error, many with multiple subparts. The defendant's post-conviction counsel filed a 651C certificate in that case and stated she had not amended the defendant's pro se post-conviction petition as it, quote, adequately set forth the petitioner's claim of deprivation of his constitutional rights. The state filed a motion to dismiss, raising numerous objections, including res judicata, an unnotarized affidavit and that same affidavit not asserting what it claimed to assert. Counsel responded to the motion but did not address the lack of notarization. The defendant appealed contending that he was denied reasonable assistance when counsel failed to adequately represent him by not amending his petition to include the notarized affidavits. The court found that even if the affidavit had been notarized, the affidavit did not assert what it claimed to assert. Therefore, the defendant had not rebutted the presumption afforded by the 651C certificate. In Landa, the defendant filed a pro se post-conviction petition. He set forth nine claims in his petition and in support of his petition, he attached six unnotarized affidavits. Nothing happened with his petition for over three years until a privately retained attorney filed an appearance on the defendant's behalf. Over three more years passed before his post-conviction counsel filed a two-page supplemental post-conviction petition for the defendant. The petition added a claim of actual innocence and ineffective assistance of counsel based on the information of the previously unnotarized affidavits that were regiven and notarized. Counsel filed a 651C certificate that stated, counsel on oath states that he communicated with the petitioner by mail and telephonically and has examined the record and transcripts herein and has presented the petitioner's claims. The state filed a motion to dismiss the petition stating that one, it was unverified. Two, it was untimely. Three, a claim of unconstitutionality was unfounded. Four, the claim of ineffective assistance of counsel at trial did not meet the Strickland standard. Five, the ineffective assistance of counsel claim on appellate counsel was meritless. Six, the due process claim was meritless and seven, the actual innocence claim was not based on newly discovered evidence. Post-conviction counsel did not appear during the following court date and repeatedly requested extensions of time to file a response to the state's motion to dismiss the petition until the court set a hard deadline at which point counsel needed to file a response or he would be precluded from doing so and counsel failed to file a response by that deadline. Almost a year later, argument was heard on the motion to dismiss and counsel still had not filed a response and made no argument during the hearing. The court dismissed the petition in its entirety and the defendant appealed asserting that his post-conviction counsel's 651C certificate was facially deficient and counsel failed to provide him reasonable assistance on his post-conviction claims. The court found that counsel's 651C certificate was sufficient to certify a substantial compliance with the rule despite the fact that it did not mirror the language of 651C. However, the court stated that the certificate being sufficient was not dispositive. The court stated that the defendant is required to demonstrate that his counsel's deficient performance prejudiced him in the post-conviction petition and that counsel's performance resulted in a dismissal of a potentially meritorious post-conviction claim. The court distinguished Suarez stating that Suarez was a case with no 651C certificate had been filed. Here, however, the court had stated that there was a 651C certificate giving rise to a rebuttable presumption. Therefore, the court, therefore the question was whether counsel failed to reasonably assist the defendant in the presentation and defense of the post-conviction petition. The court also stated that its decision in Galano summarized where as here, the presumption of reasonable assistance is present. The question is whether the pro se allegations had merit and is crucial to determining whether counsel acted unreasonably by not filing an amended position. And I'm sorry to say that my time is told, your honors. Thank you. All right. Before we move on to Mr. Carroll, Justice Cates or Justice Barbier, do you have any questions? No, thank you. Okay. Thank you, Mr. Lennox. Mr. Carroll, go right ahead with your rebuttal. Your honors. First, the fact that a new standard for James Dare was used for the DNA to perform the new DNA analysis is irrelevant to this case. The question was the contamination to the original blood standards goes to the question of the procedures used by the crime lab that did the original blood typing. So the fact that the lab that did the DNA analysis used a different standard for James Dare doesn't speak to that at all and it's irrelevant. Second, there's no inconsistency between my first and third arguments. My first argument is that counsel should have raised the contaminated evidence claim in a 214-1 petition. And my third is that she should have used a different argument for proving up the contamination claims than she did. There's no, and she should have raised that based on Dare's standard in a 214-1. So there's no inconsistency there. Finally, on the issue of the harmlessness analysis, again, just, sorry, just repeat for my reply brief. Landa is based on a misreading of Gallo that, or Gallano, I mean, as counsel argued, Gallano was about whether or not counsel had complied with rule 651C at all, not whether once it's established that counsel has not complied, whether harmlessness analysis applies. It was just in the case where counsel stands on a pro se petition, since as the law stands now, counsel's allowed, if counsel determines the claims are black merit, they can just stand on the petition without amending it. In order to determine whether counsel's decision to stand on the pro se petition is reasonable requires an analysis of whether or not meritorious claim could have been raised. But that's not what we have here. Here we have counsel who did raise claims and advanced claims on our own. So here we have, we've already established that counsel did not comply with rule 651C. And also this court has, as I cite in my reply brief, for example, in Wallace, this court has already held that even when a 651C certificate is filed, once it's determined that counsel provided unreasonable counsel, then soares applies and there is no harmless error analysis. And I'd also point out that the question of whether or not harmless error soares applies when counsel has filed a certificate is currently pending in the Illinois Supreme Court and people will be at us in number 127119. I don't know what stage of the briefing they're in right now but it's being decided. So unless your honors have any questions, I guess that's, I'll just ask again that you remand for new proceedings and the appointment of new counsel. Thank you, counsel. Before we let these gentlemen go, Justice Cater, Justice Barber, do you have any questions? No, thank you. I don't. All right. Well, thank you, counsel. Obviously we will take the matter under advisement and we will issue an order in due course. You guys have a great day.